NICHOLAS M. WAJDA (State Bar #259178)
Attorney Email Address: nick@wadjalawgroup.com
WAJDA LAW GROUP, APC
6167 Bristol Parkway, Suite 200
Culver City, California 90230
Telephone: (310) 997-0471
Facsimile: (866) 286-8433
*Attorney for Plaintiff*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# EASTERN DIVISION

| | |
|---|---|
| Kevin Lincoln and Chimea Lincoln,<br><br>Plaintiffs,<br><br>v.<br><br>I.O.E. Final Recovery Inc. d/b/a Corporate Trust Recovery Group,<br><br>Defendant. | Case No.  5:21-cv-00498<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. **VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *ET SEQ*.**<br>2. **VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE §1788 ET SEQ.**<br><br>**JURY TRIAL DEMANDED** |

NOW COME the Plaintiffs, KEVIN LINCOLN and CHIMEA LINCOLN ("Plaintiffs"), by and through their undersigned counsel complaining of the Defendant, I.O.E. FINAL RECOVERY INC. d/b/a CORPORATE TRUST RECVOERY GROUP ("Defendant"), as follows:

## NATURE OF THE ACTION

1. Plaintiffs bring this action seeking redress for Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692 and violations of the Rosenthal Fair Debt Collection Practices Act ("RFDCPA") pursuant to California Civil Code §1788 *et. seq*.

## JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA and the RFDCPA.

1

3. Subject matter jurisdiction is conferred upon this Court by 28 U.S.C. §1331, as the action arises under the laws of the United States.

4. The Court has supplemental jurisdiction over Plaintiffs' RFDCPA claim pursuant to 28 U.S.C. §1337.

5. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Corporate Trust Recovery group conducts business in the Central District of California and a substantial portion of the events or omissions giving rise to the claims occurred within the Central District of California.

## PARTIES

2. KEVIN LINCOLN ("Kevin") is a natural person, over 18-years-of-age, who at all times relevant was domiciled in this judicial district.

3. CHIMEA LINCOLN ("Chimea") is a natural person, over 18-years-of-age, who at all times relevant was domiciled in this judicial district.

4. Plaintiffs are "consumer[s]" as defined by 15 U.S.C. § 1692a(3).

6. I.O.E. FINAL RECOVERY INC. d/b/a CORPORATE TRUST RECVOERY GROUP ("Defendant") maintains its principal place of business at 111 West Bastanchury Road, #1G, Fullerton, California 92835.

7. Defendant serves "owners, attorneys, and property management firms since 1976 in debt recovery."[1]

8. Defendant is a "debt collector" as defined by 15 U.S.C. §1692a(6) because (1) it uses instrumentalities of interstate commerce and the mail in the course of collecting consumer debt; (2) the principal purpose of Defendant's business is the collection of debt owed or due or asserted to be owed or due another; and (3) it regularly collects consumer debt owed to others.

---

[1] http://www.corporatetrustrecovery.com/contactus.htm

# FACTUAL ALLEGATIONS

9. In or around 2019, Plaintiffs left an apartment complex before their lease was over.

10. This resulted in a balance owed to the apartment complex of approximately a few thousand dollars ("subject debt").

11. Once unpaid, the subject debt was referred to Defendant for collection.

12. On or around June 2020, Plaintiffs saw that the subject debt was reporting on their Transunion and Experian credit reports.

13. In early June 2020, Kevin called Defendant to attempt to settle the subject debt.

14. Defendant advised it would not accept a $2,000 payment to settle the subject debt as interest was accruing so the new total balance due was approximately $2,400.

15. Kevin attempted to work out a payment plan with Defendant to no avail.

16. When he was unsuccessful with negotiating a payment agreement, Kevin requested proof of the interest charged on the account.

17. At no point did Kevin receive proof of the interest being charged on the subject debt.

18. After a credit dispute, the subject debt fell off of the TransUnion credit report, but it remained on the Experian credit report with a balance of $2,005.00.

19. In or around March 2021, Kevin again called Defendant in an attempt to settle the subject debt.

20. Kevin attempted to settle the subject debt and was informed that the total due on the subject debt is now over $3,000 and nothing less than the full amount will be accepted.

21. Kevin was confused as to what was happening as Defendant's representatives were stating that the amount owed was over $3,000.00; however, Kevin's credit report showed an updated amount owed of $2,005.00.

22. Kevin knew something was not right as he was unable to determine how much was

owed and for what reason that amount was owed.

23. On March 18, 2021, Kevin spoke with Defendant's representative, Brian Anderson ("Brian"), in yet another attempt to resolve this matter.

24. Brian read the required mini-Miranda to Kevin, but then stated that he is not the person who takes payments on behalf of Defendant.

25. Unfortunately, Kevin was never able to be connected to someone who would be able to take and or discuss payment.

26. Concerned with Defendant's deceptive collection efforts, including false information being told to Plaintiffs' via communication with Defendant representatives, and misleading information on their credit reports, Plaintiffs were forced to retain counsel to vindicate their rights.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

27. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

28. The subject debt is a "debt" as defined by 15 U.S.C. § 1692a(5) because it was incurred for personal, family, and household purposes.

    **a.**    **Violations of 15 U.S.C. § 1692e**

29. Pursuant to §1692e of the FDCPA, a debt collector is prohibited from making "any false, deceptive, or misleading representation" in connection with the collection of a debt. 15 U.S.C. § 1692e.

30. Section 1692e(8) of the FDCPA prohibits a debt collector from "communicating or threatening to communicate to any person credit information which is known or which should be

known to be false, including the failure to communicate that a disputed debt is disputed." 15 U.S.C. § 1692e(8).

31. Defendant violated 15 U.S.C. §§ 1692e and e(8) when it reported the subject debt a having a balance of $2,005 to Experian yet advising Plaintiffs that the balance was now $3,000.

32. Specifically, both the claims of the balance of $2,005 and $3,000 cannot be accurate, so one must be false.

33. Upon information and belief, Defendant's representatives specifically were providing confusing and false information to Plaintiffs' in hopes that the frustration would lead Plaintiffs to make a payment on the subject debt to avoid further frustration.

**WHEREFORE** Plaintiffs, KEVIN LINCOLN and CHIMEA LINCOLN, request that this Honorable Court:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
b. Award Plaintiffs statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;
c. Award Plaintiffs costs and reasonable attorney's fees as provided under 15 U.S.C. §1692k; and
d. Award any other relief as this Honorable Court deems just and appropriate.

**COUNT II -Rosenthal Fair Debt Collection Practices Act (Cal. Civ. Code §1788 *et seq.*)**

34. Plaintiffs restate and reallege all previous paragraphs as though fully set forth herein.

35. California Civil Code § 1788.17 provides:

> Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Section 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code.

36. As pled above, Defendant violated 15 U.S.C. §§1692e and 1692e(8); therefore violating Cal. Civ. Code §1788.17.

**WHEREFORE**, Plaintiffs, KEVIN LINCOLN and CHIMEA LINCOLN, respectfully request that this Honorable Court enter judgment in their favor as follows:

i. Declaring that the practices complained of herein are unlawful and violate the Rosenthal Fair Debt Collection Practices Act;

ii. Awarding Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying Rosenthal Fair Debt Collection Practices Act violations;

iii. Awarding Plaintiff costs and reasonable attorney's fees; and

iv. Awarding any other relief as this Honorable Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiffs demand a trial by jury.

Dated: March 23, 2021              Respectfully submitted,

By: /s/ Nicholas M. Wajda
Nicholas M. Wajda
WAJDA LAW GROUP, APC
6167 Bristol Parkway, Suite 200
Culver City, California 90230
Telephone: (310) 997-0471
Facsimile: (866) 286-8433
Email: nick@wajdalawgroup.com